UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLOR MARIA REYNOSO RODRIGUEZ,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

16-CV-02076 (LGS) (BCM)

**REPORT AND RECOMMENDATION TO THE HON. LORNA G. SCHOFIELD**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Flor Maria Reynoso Rodriguez brought this action pursuant to § 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final determination of the Commissioner of Social Security (the Commissioner) denying her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). The Commissioner moves to dismiss plaintiff's claims as time-barred. Because plaintiff did not file her complaint within the limitations period required by the Act, and did not request any extension of that time, I respectfully recommend that the motion be GRANTED and the complaint be dismissed.

## I. BACKGROUND

Plaintiff applied for SSI and DIB on April 26, 2012. *See* Declaration of Cristina Prelle (Dkt. No. 10), Ex. 1, at ECF page 11.[1] Her claims were administratively denied on July 16, 2012, after which she requested a hearing before an Administrative Law Judge (ALJ). *Id.* The hearing took place on March 25, 2013 before ALJ Michael Friedman. *Id.* Plaintiff appeared, represented

---

[1] Prelle is Chief of Court Case Preparation and Review Branch 4 of the Social Security Administration's Office of Appellate Operations, Office of Disability Adjudication and Review. Prelle Decl. ¶ 1. Her declaration serves to put portions of the agency's administrative record before the Court. These documents, while useful for context, are unnecessary to the Court's decision on the motion to dismiss and have not been relied on in this Report and Recommendation.

by attorney William Morrison, and testified. *Id.* On April 4, 2013, the ALJ denied plaintiff's application. Prelle Decl. ¶ 3(a) & Ex. 1.

Plaintiff timely requested review by the Appeals Council, which denied her request on November 10, 2014, by means of a Notice of Appeals Council Action addressed to plaintiff and copied to Mark Ramnauth, a social security disability advocate, at the same address as attorney Morrison. Prelle Decl. ¶ 3(a) & Ex. 2; Compl. (Dkt. No. 2) at ECF pages 4-6.[2] The Notice advised plaintiff of her right to seek judicial review of the decision by filing a civil action within 60 days, explaining, "The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." Compl. at ECF page 5. The Notice further advised, "If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file." *Id.*

Plaintiff filed her complaint, *pro se*, on March 18, 2016, with a copy of the November 10, 2014 Notice attached. In the complaint, plaintiff states that she received the Notice on March 17, 2016 – that is, 494 days after it was issued, and one day before she filed her pleading – but she does not provide any detail or supporting facts. Compl. ¶ 8. Nor does she assert that she sought or obtained any request for an extension of time from the Appeals Council. Plaintiff alleges that she is entitled to disability benefits due to cervical and lumbar radiopathy, herniated discs, anxiety, depression, left-knee pain, and memory problems. Compl. ¶ 4. In support of these allegations, she attaches two medical records that post-date the decision of the Commissioner.[3] On April 22, 2016,

---

[2] Non-attorney advocates may represent claimants in administrative proceedings before the Social Security Administration, *see* 42 U.S.C. § 406(a); 20 C.F.R. § 404.1705(b); 20 C.F.R. § 416.1505(b), but not before this Court. *See Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998).

[3] The attachments are: (a) a December 21, 2015 letter from psychotherapist Ricardo Vacca, LMHC, stating that plaintiff had been receiving treatment at Global Psychiatric Services for major depressive order and chronic post-traumatic stress disorder since September 8, 2012, and listing her medications; and (b) a January 11, 2016 Treating Physician's Wellness Plan Report from

2

the Honorable Lorna Schofield, United States District Judge, referred this action to me for report and recommendation. (Dkt. No. 7.) On July 6, 2016, prior to filing the administrative record that would constitute her answer to the complaint, the Commissioner filed a motion (Dkt. No. 8) to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Commissioner argues that plaintiff failed to commence the action within the 60-day period set forth in the Act and explained in the Notice. The Commissioner served her motion papers upon plaintiff by mail that day. (Dkt. No. 12.) However, plaintiff failed to respond to the motion by the August 25, 2016 deadline previously set by Judge Schofield. *See* Order of Service and Scheduling (Dkt. No. 5) at 2 ("Opposition to any motion shall be filed within thirty days from service of the motion."). On September 28, 2016, I issued an Order, *sua sponte*, extending the deadline for plaintiff's response to October 28, 2016. (Dkt. No. 13.)

On October 27, 2016, plaintiff filed her opposition (Dkt. No. 14), consisting of a document entitled "notice of motion," her own declaration, and additional medical documents.[4] With respect to the untimeliness of her opposition papers, plaintiff states that "[she] did not respond to the

---

psychiatrist Miguel Hernandez, M.D., listing the same diagnoses and stating that plaintiff was "unable to work for at least 12 months." Compl. at ECF pages 4-10.

[4] In addition to the January 11, 2016 Treating Physician's Wellness Plan Report from psychiatrist Miguel Hernandez, M.D., which she resubmitted, plaintiff attached (a) an April 13, 2016 Medical Source Statement, with an indecipherable signature, concerning her physical limitations, *see* Opp. at ECF pages 4-7; (b) an April 18, 2016 Medical Source Statement from Dr. Hernandez, stating that she is subject to "marked" and "extreme" restrictions with respect to her ability to do work-related activities (mental), *id*. at ECF pages 8-10; (c) a handwritten list of health care providers and medications, *id*. at ECF page 11; (d) a December 4, 2015 letter from the Wadsworth Medical Group, stating that plaintiff received medical treatment there on November 11, 2015 for several physical impairments as well as "major depression," and "was unable to work until further notice" or travel long distances, *id*. at ECF page 15; (e) a December 11, 2015 letter, addressed "to whom it may concern" from neurologist Teresella Gondolo, M.D., stating that plaintiff had depression, generalized anxiety disorder, bilateral cerebral dysfunction, cervical radiculopathy, and lumbar radiculopathy, *id*. at ECF page 16; and (f) a December 1, 2015 letter from Dr. Hernandez, also addressed "to whom it may concern," verifying that plaintiff was treated for major depressive disorder and post-traumatic stress disorder and listing her medications. *Id*. at ECF page 17.

3

motion because [she] did not receive the papers that [she had] to fill out." *Id.* at ECF page 3. Plaintiff also states, "I'm responding to this one because this is the only letter that I received from you." *Id.* I surmise that by "this one," plaintiff means my September 28, 2016 Order. Plaintiff does not directly address the underlying issue, that is, the untimeliness of her complaint.

## II. DISCUSSION

### A. Standard on Motion to Dismiss

In deciding a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded factual allegations as true and draw inferences from those allegations in the light most favorable to the plaintiff. *Warren v. Colvin,* 744 F.3d 841, 843 (2d Cir. 2014); *Marquez v. Comm'r of Soc. Sec.*, 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013). Ordinarily, the court "must limit itself to the facts stated in the complaint, 'documents attached to the complaint as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken' or a document upon which the complaint solely relies and which is integral to the complaint." *Joseph v. Soc. Sec. Admin.*, 2017 WL 1067804, at *2 (E.D.N.Y. Feb. 28, 2017), *report and recommendation adopted*, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017) (quoting *Colson v. Haber,* 2016 WL 236220, at *2 (E.D.N.Y. Jan. 20, 2016)) (internal quotation marks and citations omitted); *see also DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991).

A *pro se* complaint is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *accord Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (courts are required to construe complaints by *pro se* plaintiffs "liberally"). Moreover, when deciding a Rule 12(b)(6) motion, the court may consider the factual allegations made in the *pro se* plaintiff's opposition papers "as

4

supplementing the Complaint, at least to the extent they are consistent with the allegations in the Complaint." *George v. Pathways to Hous., Inc.*, 2012 WL 2512964, at *6 n.7 (S.D.N.Y. June 29, 2012); *accord Joseph*, 2017 WL 1067804, at *2; *Okocha v. Disman*, 2012 WL 6860892, at *6 (S.D.N.Y. Oct. 1, 2012), *report and recommendation adopted sub nom, Okocha v. Comm'r of Soc. Sec.*, 2013 WL 163834 (S.D.N.Y. Jan. 15, 2013).

Nevertheless, a *pro se* plaintiff is not exempt from complying with the "relevant rules of procedur[e]." *Purisima v. Astrue*, 2012 WL 5519295, at *2 (S.D.N.Y. Nov. 14, 2012) (citing *Traguth,* 710 F.2d at 95); *accord Okocha*, 2012 WL 6860892, at *6; *Joseph*, 2017 WL 1067804, at *2. Thus, while the court is required to accept as true all of the plaintiff's "well-pleaded factual allegations," and draw all "reasonable" inferences in her favor, it may not "credit '[t]hreadbare recitals of the elements of a cause of action' or 'mere conclusory statements.'" *Joseph*, 2017 WL 1067804, at *2 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Nor does a litigant's *pro se* status relieve her of the requirement that she supply "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

### B. The Statute of Limitations

A claimant may obtain review of an adverse final decision of the Commissioner of Social Security by filing a civil action in the federal judicial district where the claimant resides. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(b). By statute, the action must be commenced "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). By regulation, the Commissioner has allowed "further time" for the notice to make its way to the claimant, subject to a presumption that it arrives no more than five days after the date it bears:

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). "The claimant thus has 65 days from the date of a final decision notice to file suit," *Velez v. Apfel*, 229 F.3d 1136, 1136 (2d Cir. 2000), unless she can make a "reasonable showing" that she did not receive the notice by the presumptive date of receipt. *Liranzo v. Astrue*, 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010), *aff'd sub nom. Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390 (2d Cir. 2011)); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)).

Because the limitations period is "a condition to the government's waiver of sovereign immunity," it must be "strictly construed." *Liranzo*, 2010 WL 626791, at *1 (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)). "Failure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*." *Borrero v. Colvin*, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015), *adopting report and recommendation*, No. 14 Civ. 5304 (S.D.N.Y. Feb. 25, 2015); *accord Marquez*, 2013 WL 3344320, at *4 (collecting cases).

To overcome the presumption of timely receipt, a plaintiff must do more than simply allege that the Commissioner's notice arrived late or went missing. *Marquez*, 2013 WL 3344320, at *4 (allegation that plaintiff belatedly received notice did not rebut presumption); *Liranzo*, 2010 WL 626791, at *2 (assertion that plaintiff did not receive notice because his mailbox was "prey by the vandals in a low-income community" and he was physically incapable of checking it daily was insufficient to rebut presumption); *Marte v. Apfel*, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) (sworn affidavit stating that notice arrived late, lacking any further substantiation, did not rebut

6

presumption). "Rather, a plaintiff must present some affirmative evidence indicating that actual receipt occurred at a later date." *Marquez*, 2013 WL 3344320, at *3; *see also Marte*, 1998 WL 292358, at *2 (quoting *McCall v. Bowen,* 832 F.2d 862, 864 (5th Cir. 1987)) (plaintiff must make a "more concrete" showing that notice was not received).

Here, the Notice of Appeals Council Action was dated November 10, 2014. Compl. at ECF page 4. It was presumptively received five days later, on November 15, 2014, making plaintiff's complaint due 60 days after that, on January 14, 2015. Plaintiff alleges that she received the Notice 494 days after it was issued, on March 17, 2016, *id.* ¶ 8, but offers no explanation for the delay and no factual or evidentiary support for her claim. Similarly, when provided additional time to respond to the Commissioner's motion to dismiss, plaintiff failed to provide any meaningful response. Nor does she allege that she sought or obtained additional time from the Appeals Council. Because she has offered no support for her conclusory allegation that she did not receive the Notice until March 17, 2016, she has failed to rebut the presumption of timely receipt, making her complaint untimely. *See Borrero,* 2015 WL 1262276, at *3 (dismissing complaint as time-barred where plaintiff submitted it "nine days after the statutory deadline," and "did not provide reasons for the delay"); *Marquez*, 2013 WL 3344320, at *4 ("Because Marquez filed her complaint on November 5, 2012, a month after the deadline and without permission to do so, the Complaint is untimely.")

### C. Equitable Tolling

"Federal courts have limited authority to toll the statute of limitations under the doctrine of equitable tolling." *Velez*, 229 F.3d at 1136. The Second Circuit has held that equitable tolling may be warranted where a plaintiff fails to seek timely review of a disability determination because of a severe mental impairment. *Canales v. Sullivan,* 936 F.2d 755, 759 (2d Cir. 1991) ("If the

7

claimant proves that she was incapacitated for any length of time during the 60–day period, then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted."); *Guinyard v. Apfel*, 2000 WL 297165, at *2 (S.D.N.Y. Mar. 22, 2000) ("Among the rare case[s] that warrant equitable tolling under the law of this Circuit are instances in which a claimant's mental impairment hinders her ability to seek judicial review in a timely manner.") (internal citation and quotation marks omitted) (modification in original). However, to successfully show entitlement to equitable tolling because of a mental impairment, a plaintiff must provide a "particularized description of how" her impairment "adversely affected [her] capacity to function generally or in relationship to the pursuit of [her] rights[.]" *DeJesus v. Comm'r of Soc. Sec.*, 2015 WL 3555787, at *4 (S.D.N.Y. June 8, 2015) (quoting *Kesoglides v. Comm'r of Soc. Sec.*, 2015 WL 1439862 at *4 (E.D.N.Y. Mar. 27, 2015) (modifications in original).

Here, plaintiff has not requested equitable tolling, and has not alleged, much less met her burden to show, that a mental impairment prevented her from timely filing her complaint. *See Borrero*, 2015 WL 1262276, *4 (plaintiff bears the burden of showing the propriety of equitable tolling). Plaintiff's medical records, attached to her complaint and her opposition papers, indicate that she has been diagnosed with major depressive order and chronic post-traumatic stress disorder. She alleges – and the records corroborate at least in part – that the onset of these conditions occurred well before the deadline for filing her complaint. *E.g.*, Compl. ¶ 4 (alleging disability since December 1, 2011); *id.* at ECF page 7 (dating plaintiff's treatment by Dr. Hernandez to September 8, 2012). However, even construing plaintiff's papers "liberally," *Traguth*, 710 F.2d at 95, to seek equitable tolling based on her mental health challenges, the Court is unable to conclude that plaintiff's mental impairments were of such severity that she was unable to file her complaint in a timely fashion. *See, e.g., Stieberger v. Apfel*, 134 F.3d 37, 40-41 (2d Cir. 1997) (claim that a

8

mental impairment prevented plaintiff from receiving adequate notice of the limitations period will succeed "only upon a particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension"); *Roberts v. Comm'r of Soc. Sec.*, 2016 WL 303896, at *2 (S.D.N.Y. Jan. 26, 2016), *report and recommendation adopted*, No.15 Civ. 6216 (S.D.N.Y. Mar. 1, 2016) ("vague assertion" from plaintiff's doctor that plaintiff's manic mood "leads to distraction and poor judgments" was insufficient to "warrant an equitable toll"); *Jones v. Comm'r of Soc. Sec.*, 2015 WL 10641784, at *3 (S.D.N.Y. Aug. 6, 2015), *report and recommendation adopted*, 2016 WL 1446223 (S.D.N.Y. Apr. 11, 2016) (nothing about plaintiff's "multiple severe impairments," including HIV, depression, and anxiety, suggested that they "impacted his capacity to such a degree as to render [plaintiff] unable to comply with the Act's requirements"); *Guinyard*, 2000 WL 297165, at *4 (plaintiff's allegation that she suffered from, *inter alia*, scoliosis and manic depression, and had difficulty traveling, was insufficient to establish entitlement to equitable tolling). In this case, moreover, the Notice copied plaintiff's representative, who presumably understood the need to seek timely review of the Commissioner's decision, even if plaintiff did not. *See Dionne v. Colvin*, 2017 WL 1024258, *2 (D. Conn. Mar. 16, 2017) (deeming complaint untimely and noting that where plaintiff was represented "the right to judicial review was understood, if not by, on behalf of the claimant").[5]

---

[5] As noted above, most of the medical records attached to plaintiff's complaint and motion papers relate to the period after the decision she sought to present to this Court for review. Nothing in this Report and Recommendation prevents plaintiff from filing a new application for SSI or DIB for that period. *See Roberts*, 2016 WL 303896, at *3.

9

### III. CONCLUSION

For the reasons set forth above, I respectfully recommend that the Commissioner's motion be GRANTED and that plaintiff's case be dismissed. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to the plaintiff.

Dated: New York, New York
November 16, 2017

SO ORDERED.

**BARBARA MOSES**
**United States Magistrate Judge**

### NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Honorable Lorna G. Schofield at 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned Magistrate Judge. Any request for an extension of time to file objections must be directed to Judge Schofield. Failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).